IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

MOSES KNIGHT, #109 958     *

    Plaintiff,     *

    v.     *      2:06-CV-306-WKW
                                           (WO)

ALABAMA PRISON     *
COMMISSIONER, *et al.*,
                                  *

    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a prison inmate, complains that prisons in the State of Alabama are overcrowded in violation of a federal court order. Named as defendants are the State of Alabama and the Alabama Prison Commissioner. Plaintiff requests $20 million in damages for Defendants' failure to dissolve overcrowding in the prison system. Upon review of the complaint, the court concludes that it is due to be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

I. DISCUSSION

*A. State of Alabama*

The State of Alabama is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's claims against the State of Alabama are due to be dismissed. *Id.*

*B. The Conditions Claim*

Plaintiff complains that his rights secured under the Constitution have been violated by the state prison system's failure to dissolve overcrowding in accordance with *Pugh v. Locke*, 406 F. Supp. 318 (M.D. Ala. 1976). Plaintiff's claims are based on his belief that the prior injunctive orders of this court in *Pugh* create an independent cause of action. Such allegations, however, fail to state a claim upon which relief may be granted. On December 28, 1988, this court entered an order and memorandum opinion in *Newman v. Alabama*, Civ. Act. No. 3501-N, returning control of Alabama's prisons to officials of the state. *Pugh* and other pending prison cases in this court were consolidated with *Newman*. In the court's memorandum opinion, the court stated the following:

> There are pending cases in this Court, and presumably in the other district courts in this State, which allege claims directly premised upon violations of the injunctive orders of this Court in this case based on the failure of prison officials to comply with the precise and specific remedial requirements of these orders even if said orders required action which exceeds the

2

> requirements of the Constitution. At the risk of closing the barn gate after the horse is out, it is the opinion of this Court that such cases, to the extent they were filed on or after December 3, 1984, and seek damages based solely upon violations of this Court's orders, are without merit because as of this December 3, 1984, the prior injunctions were no longer in effect. To the extent that such cases allege a present violation of the Constitution, they may and should proceed to final adjudication on the basis of the requirements of the Constitution.

*Newman v. Alabama*, Memorandum Opinion, December 28, 1988, at 16. In light of the foregoing, Plaintiff's claims, premised upon prior injunctive orders of this court, are due to be dismissed as they fail to state a claim on which relief may be granted.[2] *See generally Wilson v. Seiter*, 501 U.S. 294 (1991) (overcrowded conditions, without more, do not rise to the level of a constitutional violation).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **May 25, 2006**. Any objections filed must specifically identify

---

[2] The court notes Plaintiff's reference to Ala. Code § 12-11-30 (1975) (jurisdiction of state courts) and Ala. Code § 6-2-32 (1975) (commencement of actions). The undersigned discerns no relationship between either statute and the claims presented in the instant action. *See generally United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well).

the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of May, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE